IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| DANA V. ARDRY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civ. Case No. 06-0393-CV-W-NKL |
| ) | Crim. Case No. 04-0290-CR-W-NKL |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**ORDER**

Pending before the Court is Dana Ardry's ("Ardry") Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. 2255 [Doc. # 1]. For the reasons set forth below, the Court dismisses without prejudice Ardry's Motion.

Also pending is the Government's Motion to Stay § 2255 Proceeding or, Alternatively, Dismiss Ardry's Petition Without Prejudice [Doc. # 3]. For the reasons set forth below, the Court grants the Government's Motion.

In February 2005, Ardry pleaded guilty to one count of conspiracy to distribute methamphetamine. In April 2005, the Court sentenced Ardry to 84 months' imprisonment and his sentence included an enhancement for possession of a firearm during the offense--an enhancement that Ardry now challenges.

Ardry subsequently filed a direct appeal of the Court's sentence to the Eighth Circuit Court of Appeals. *See United States v. Ardry*, Case No. 05-2460. On appeal, Ardry's counsel moved to withdraw from the case pursuant to *Anders v. California*, 386

U.S. 738 (1967), and it appears Ardry believes that his appeal was terminated when his counsel sought leave to withdraw. Although the Eighth Circuit has suspended the briefing schedule in that court, it is clear that the Eighth Circuit is still considering the merits of Ardry's appeal.

In its pending Motion, the Government argues Ardry's habeas petition is premature because his direct appeal is still under consideration. The Government correctly states that, "Ordinary resort cannot be had to 28 U.S.C. 2255 or habeas corpus while an appeal from conviction is pending." *Masters v. Eide*, 353 F.2d 517, 518 (8th Cir. 1965). A "federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously." *United States v. Ledbetter*, 882 F.2d 1345, 1347 (8th Cir. 1989) (citation omitted). In fact, the filing of a notice of appeal "confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Id.* (citation omitted).

Ardry has failed to identify any extraordinary circumstances that would justify moving forward with his habeas case while his direct appeal is still pending. Ardry states that he is unable to participate in the Bureau of Prison's Drug Awareness Program ("DAP") while his contested enhancement is in effect and he seeks to expedite judicial review of the enhancement so he can become eligible for DAP. The Court acknowledges Ardry's frustration with the progression of his direct appeal, but a delay in his eligibility for DAP cannot justify this Court circumventing the Eighth Circuit's jurisdiction by moving forward with his habeas petition. The Court will deny Ardry's pending Motion without prejudice so he can re-file it at the conclusion of his direct appeal.

Accordingly, it is hereby

(1) ORDERED that Ardry's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 [Doc. # 1] is DISMISSED without prejudice, and

(2) ORDERED that the Government's Motion to Stay § 2255 Proceeding Or, Alternatively, Dismiss Ardry's Petition Without Prejudice [Doc. # 3] is GRANTED.

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

DATE: August 11, 2006
Kansas City, Missouri